George **BENHAM**, Plaintiff–Appellant,

v.

**DISABILITY PORTION OF THE LIFE AND DISABILITY PLAN for Employees of Liberty National Life Insurance Company and United Investors Life Insurance Company,**

and

**UNUM Life Insurance Company of America, Defendants–Appellees.**

No. 99–6384.

United States Court of Appeals, Sixth Circuit.

March 2, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.[*]

PER CURIAM.

The plaintiff, George Benham, appeals the district court's grant of summary judgment to defendants UNUM Life Insurance Company of America and the Disability Portion of the Life and Disability Plan for Employees of Liberty National Life Insurance Company and United Investors Life Insurance Company (Liberty) in this action to recover long-term disability benefits. UNUM denied Benham's claim for benefits as untimely. The district court found that UNUM's denial of benefits on that ground was not arbitrary and capricious. Benham now argues that the district court erred by failing to (1) "look at the balance of the equities of the parties"; (2) apply the rule of *contra proferentum* and construe the terms of the policy at issue in Benham's favor; and (3) adopt the "notice prejudice" rule as the federal common law of ERISA. We agree with the result reached by the district court and affirm.

Benham was an employee of Liberty National Life Insurance Company from November 1993 until he became disabled from a diabetic condition in March 1995. At the time, Benham was covered by a long-term disability benefits policy purchased by Liberty from UNUM for its employees. Because UNUM took the position that it did not receive a completed application for benefits from Benham until

[*] The Honorable John G. Heyburn, II, United States District Judge for the Western District of Kentucky, sitting by designation.

November 20, 1997, beyond the time limit set out in the policy, UNUM denied the claim.

 The district court noted, and Liberty and UNUM both agree, that under the terms of the plan. Liberty National is the plan's administrator. However, the plan grants UNUM significant discretionary authority in the plan's administration, including the authority "to determine ... eligibility for benefits and to interpret the terms and provisions of the policy" when making benefit determinations. The district court found that this grant of discretion made UNUM the *"de facto* administrator" of the plan. We do not believe that such a determination is necessary. "When interpreting ERISA plan provisions, general principles of contract law dictate that we interpret the provisions according to their plain meaning in an ordinary and popular sense." *Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir.2000). Accordingly, we conclude that the plan's naming of Liberty National as administrator must control. However, under the definition provided by 29 U.S.C. § 1002(21)(A), it is clear that UNUM is a plan fiduciary. That section defines a fiduciary as any person who "has any discretionary authority or discretionary responsibility in the administration of [a] plan." 29 U.S.C. § 1002(21)(A)(iii). UNUM's ability to determine eligibility for benefits, and otherwise to control the disposition of the plan's assets, demonstrates that it has such authority and responsibility under the plan. Because the plan's plain language grants UNUM discretionary authority to determine eligibility for benefits, its decision to deny Benham's claim for long-term disability benefits is reviewed under the arbitrary and capricious standard. *See Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (holding that when a plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the plan's terms, a deferential standard of review is appropriate).

The district court properly found that the determination to deny benefits in this case was not arbitrary and capricious. Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in reaching this conclusion. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its memorandum opinion dated May 5, 1999.